**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CNX GAS COMPANY LLC, | Case No. 19-1358 |
| Plaintiff, | Judge David Cercone |
| v. | |
| PATTERSON-UTI DRILLING COMPANY LLC, | |
| Defendant. | |

**MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(3)**

Defendant Patterson-UTI Drilling Company LLC ("Patterson"), by and through its undersigned counsel, asks this Court to dismiss the Complaint filed by Plaintiff, CNX Gas Company LLC ("CNX"). The Complaint should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure because Ohio Revised Code § 4113.62(D)(2) mandates that CNX should have filed in Monroe County, Ohio—where the accident occurred and the construction project took place—not Pennsylvania state court.

## I.    INTRODUCTION

This case involves a contractual dispute between Patterson and CNX arising from a workplace accident that occurred in Monroe County, Ohio. CNX hired Patterson to perform drilling services in relation to the construction of a natural gas well. As a result of the accident, a Patterson employee, Zachary Miller, suffered personal injuries. Zachary Miller, Catherine Miller, and Glenn Miller (the "Miller Plaintiffs") filed a lawsuit against CNX and Halliburton in Monroe County, Ohio, Case No. 2019-227 (the "Miller Lawsuit"). In its Complaint, CNX alleges Patterson must defend and indemnify CNX for damages alleged in the Miller Lawsuit.

Instead of seeking declaratory relief against Patterson in the Miller Lawsuit, CNX initiated a new lawsuit in Allegheny County, Pennsylvania, which Patterson removed to this Court under diversity jurisdiction.

CNX's Complaint should be dismissed because Pennsylvania is not the proper venue. The workplace accident occurred in Monroe County, Ohio. Ohio Revised Code § 4113.62(D)(2) mandates all contractual disputes involving improvements to Ohio real estate must be brought in the Ohio county where the real estate is situated. Ohio Revised Code § 4113.62(D)(2) voids any non-Ohio choice-of-law or forum selection clauses in contracts for improvement to real estate in Ohio. *See* O.R.C. § 4113.62(D)(2). In this case, the proper venue would be Monroe County, Ohio, the location of the well construction site, Mr. Miller's accident and injury, and the Miller Lawsuit. The choice-of-law provision in the contract between CNX and Patterson is void under Ohio Revised Code § 4113.62 and choice of law principles.

## II. FACTUAL BACKGROUND

### A. Patterson and CNX Entered Into a Contract for the Construction of a Natural Gas Well in Monroe County, Ohio.

On May 14, 2014, CNX and Patterson entered into a Master Drilling Contract ("MDC") (Document 1-1, Page 23 of 79). The MDC refers to CNX as "Operator" and Patterson as "Contractor." The MDC's purpose was to construct horizontal shale wells in the Appalachian area including the states West Virginia, Pennsylvania, and Ohio. (*Id.* at 24, MDC Preamble). This involved drilling into the ground between 10,000 to 22,000 feet. (*Id.* at 25, MDC § 5.1).

Under the MDC, CNX was required to provide the tubular steel piping, commonly referred to as "casing," needed to construct the well:

CNX "will…furnish…all casing and associated equipment, including cement, shoes, floats, guides, scratchers, centralizers and welding[]s, and all tubing and

completion equipment required for the design and construction of any well to be drilled hereunder."

(*Id.* at 25, MDL § 6.2).  The MDC's "Casing Program" required CNX to specify the exact depth setting for each string of casing, the amount of cement needed, and "the process to be used in cementing."  (*Id.* at 30, MDC § 11.1).

The well construction project at issue occurred in Monroe County, Ohio.  Zachary Miller was a Patterson employee working at the well site, and Patterson's drilling rig was utilized.

**B.     The Miller Plaintiffs Sued CNX and Halliburton in Monroe County, Ohio.**

Zachary Miller was injured while working at the job site in Monroe County, Ohio.  On July 17, 2019, the Miller Plaintiffs brought a personal injury action against CNX and Halliburton in the Court of Common Pleas in Monroe County, Ohio.  The Miller Plaintiffs allege problems with CNX's casing, CNX's well head equipment, and Halliburton's cementing equipment resulted in injury to Zachary Miller.   (Document 1-1, Pages 62-79, hereinafter "Miller Complaint").  As to Halliburton, the Miller Plaintiffs allege Halliburton—under the supervision of CNX and with CNX's active participation—used improper pressure pins.  (Document 1-1, Page 65, Miller Complaint, ¶ 22).  According to the Miller Plaintiffs, a Halliburton employee noticed a problem with the pressure pins and requested the pressure pins "be replaced with appropriate pins and/or that the set points be adjusted."  (Document 1-1, Page 67, Miller Complaint, ¶¶ 29-30).  The Miller Plaintiffs allege CNX "decided to ignore" this safety concern. (Document 1-1, Page 67, Miller Complaint, ¶ 32).

In the Miller Lawsuit, CNX joined and asserted claims against four third-party defendants:  Mike's Power Tong Services LLC; Blackhawk Specialty Tools LLC; Frank's International LLC; and New Tech Global Ventures, LLC.  CNX did not join Patterson as a third-party defendant in the pending Miller Lawsuit.

C.     **CNX's Claims Against Patterson Are Based Upon the MDC**.

CNX alleges Patterson owes a duty to defend and indemnify both CNX and Halliburton in the Miller Lawsuit.  According to CNX, an indemnification clause contained in "Exhibit 1" to the MDC shields CNX from liability to the Miller Plaintiffs—even damages caused by CNX's own negligence.  Instead of joining Patterson as a third-party defendant in the Miller Lawsuit, CNX filed this separate suit in Allegheny County, Pennsylvania.  None of the conduct or injuries alleged in the Miller Complaint occurred in Pennsylvania.  No connection exists between Allegheny County and the Miller Complaint or the gas well construction that occurred in Monroe County, Ohio.

## III.    LAW & ARGUMENT

A.     **Ohio Law Renders Venue in Pennsylvania Improper**.

1.     **Ohio Law Mandates Venue in Monroe County, Ohio**.

By filing this suit in Pennsylvania, CNX contravened Ohio Revised Code Section 4113.62(D)(2), which expressly mandates filing suit in Monroe County, Ohio.  O.R.C. § 4113.62(D)(2) provides:

> Any provision of a construction contract, agreement, understanding, specification, or other document or documentation that is made a part of a construction contract, subcontract, agreement, or understanding <u>for an improvement</u>, or portion thereof, <u>to real estate</u> in this state that requires any litigation, arbitration, or other dispute resolution process provided for in the construction contract, subcontract, agreement, or understanding to occur in another state is void and unenforceable as against public policy. Any litigation, arbitration, or other dispute resolution process provided for in the construction contract, subcontract, agreement, or understanding **shall take place in the county or counties in which <u>the improvement to real estate is located</u>** or at another location within this state mutually agreed upon by the parties.

(emphasis added).  The intent of O.R.C. § 4113.62(D)(2) is clear:  "to ensure that construction projects taking place on Ohio soil are governed by Ohio law and as applied by Ohio courts." *Michels Corp. v. Rockies Express Pipeline LLC*, 2015-Ohio-2218, ¶ 44 (7th Dist.).

> "Construction contract" means:
>
> …a contract or agreement for the design, planning, construction, alteration, repair, maintenance, moving, demolition, or excavation of a building, structure, highway, road, appurtenance, or appliance situation on real estate located in this state.

O.R.C. § 4113.62(G)(5).

> "Improvement" means:
>
> …constructing, erecting, altering, repairing, demolishing, or removing any building or appurtenance thereto, fixture, bridge, or other structure, and <u>any gas pipeline or well including</u>, but not limited to, <u>a well drilled or constructed for the production of oil or gas</u>; the furnishing of tile for the drainage of any lot or land; the excavation, cleanup, or removal of hazardous material or waste from real property; the enhancement or embellishment of real property by seeding, sodding, or the planting thereon of any shrubs, trees, plants, vines, small fruits, flowers, or nursery stock of any kind; and the grading or filling to establish a grade.

O.R.C. § 1311.01(J) (emphasis added).  Constructing any pipeline or oil or gas well on Ohio real estate constitutes a "construction contract" for "improvement" to real estate within the meaning of O.R.C. § 4113.62(D)(2).  *See Michels Corp. v. Rockies Express Pipeline LLC*, 2015-Ohio-2218, ¶ 44 (7th Dist.).

Ohio and at least seven other states have enacted protective statutes concerning mandatory forum selection clauses and choice-of-law provisions in contracts related to the performance of construction work on real property within their states.  *See, e.g.*, O.R.C. § 4113.62(D); NY. Gen. Bus. Law § 757; Tenn. Code. Ann. § 66-11-208; Ariz. Rev. Stat. Ann. § 32-1129.05; Calif. Civ. Ro. Code § 410.42; Ind. Code § 32-28-3-17; Fla. Stat. § 47.025; La. Rev. Stat. Ann. § 9:2779.  "Generally, these statutes render unenforceable forum selection clauses and choice of law provisions in agreements for improvement to real property that designate an out-

of-state forum for litigation related to the agreement or another state's law to govern the agreement." *First Response, Inc. v. TMC Servs.*, 2013 U.S. Dist. LEXIS 139375, *13-14 (M.D. Tenn., Sept. 27, 2013).

In *Michels Corp. v. Rockies Express Pipeline LLC*, 2015-Ohio-2218, ¶ 44 (7th Dist.), Rockies Express Pipeline ("REX") contracted Michels Corporation ("Michels") to construct 14.3 miles of pipeline in Monroe County, Ohio.  Michels sued REX in Monroe County, Ohio alleging REX violated the construction contract.  The contract contained forum selection and choice-of-law provisions applying Kansas law:

> This Agreement shall be governed by, and construed in accordance with, the law of the State of Kansas (without giving effect to the principles thereof relating to conflicts of law).

> Litigation of any Dispute shall be brought exclusively in a state court within Johnson County, Kansas….Each Party hereby consents to personal jurisdiction in any legal action, suit, or proceeding brought in any court…within Johnson County, Kansas, having subject matter jurisdiction and irrevocably waives, to the fullest extent permitted by Applicable Law and the laws of the State of Kansas, any claim or any objection it may now or hereafter have, that venue or personal jurisdiction is not proper with respect to any such legal action, suit, or proceeding brought in such a court in Johnson County, Kansas…

*Id*. at ¶ 6.  The trial court dismissed Michel's Complaint citing forum selection and choice of law provisions.

The appellate court reversed, holding the forum selection and choice-of-law clauses were void under O.R.C. § 4113.62(D).  *Id*. at ¶ 2.  The court concluded the contract for constructing a gas pipeline was a "construction contract" within the meaning of O.R.C. § 4113.62(D) and met the statutory definition of "improvement," which included constructing or erecting any gas pipeline or "well drilled or constructed for the production of oil or gas."  *Id*. at ¶ 8 (citing O.R.C. § 4113.62(G)(5); O.R.C. § 1311.01(J)).

REX argued, in part, that O.R.C. § 4113.62(D)(2) did not apply because both parties were non-Ohio companies.  The appeals court rejected the argument:

> …R.C. § 4113.62(D) has plain and clear language.  The statute provides that "[a]ny provision of a construction  contract * * * for an improvement, or portion thereof, to real estate in this state that requires any litigation, arbitration, or other dispute resolution process provided for in the construction contract * * * to occur in another state <u>is void and unenforceable as against public policy</u>."  R.C. 4113.62(D)(2). Instead, these proceedings "shall take place in the county or counties in which the improvement to real estate is located or at another location within this state mutually agreed upon by the parties." Id. Moreover, "[a]ny provision of a construction contract * * * for an improvement, or portion thereof, to real estate in this state that makes the construction contract * * * subject to the laws of another state <u>is void and unenforceable as against public policy</u>." R.C. 4113.62(D)(1).
>
> The pertinent portions of the statute set forth clear elements: a construction contract for an improvement or part of an improvement to real estate in Ohio. There is no additional element of Ohio residency of one of the parties, i.e. there is no exception where both parties are out-of-state companies. The words used clearly show the legislature's intent to make <u>a construction contract's forum selection and choice of law clauses void and unenforceable as against public policy where the contract is for an improvement to land in Ohio, period</u>.

*Id.* at ¶¶ 25-26 (emphasis added).  *Michel* further held, "the legislature intended to ensure that construction projects taking place on Ohio soil are governed by Ohio law as applied by Ohio courts. Local interests in such a project are considered substantial. The State of Ohio has a material interest in construction improvements on and through its soil." *Id.* at ¶ 41.

Federal courts have applied O.R.C. § 4113.62(D)(2) and refused to enforce choice-of-law, forum selection, and arbitration provisions that would take a dispute outside of Ohio. *See Univ. Hosps. Health Sys. v. Pohl Inc. of Am.*, No. 1:15-CV-2461, 2016 U.S. Dist. LEXIS 47343, *7 (N.D. Ohio, April 7, 2016) (Utah forum selection clause was void and unenforceable under O.R.C. § 4113.62(D)); *KO Pipeline, LLC v. Moorhead Bros.*, 2018 U.S. Dist. LEXIS 78769, *1-2 (S.D. Ohio, March 10, 2018) (the plaintiff argued, and the defendant did not oppose, that the West Virginia choice-of-law provision in the contract was void under O.R.C. § 4113.62(D)(2);

*Great Am. Ins. Co. v. Gemma Power Sys. LLC*, No. 1:18-CV-213, 2018 U.S. Dist. LEXIS 194987, *16-17 (S.D. Ohio, Nov. 15, 2018) (arbitration clause was valid under O.R.C. § 4113.62(D) but only if the arbitration occurs in Ohio); *United States ex rel. Tesar Indus. Constrs., Inc. v. Turner Constr. Co.*, No. 1:09-CV-1477, 2009 U.S. Dist. 101471, *10 (N.D. Ohio, Oct. 29, 2009) (O.R.C. § 4113.62(D)(2) "does not void the arbitration clause…because the clause provides that arbitration will occur in Ohio").

### 2.   O.R.C. § 4113.62(D)(2) Applies Because CNX's Claims Arise From the Construction of an Improvement to Ohio Real Estate.

Here, the MDC between Patterson and CNX is both a construction contract and a contract for improvement to real estate in Ohio within the meaning of O.R.C. § 4113.62(D)(2).  The MDC involves the construction of a well, which requires drilling into real property and cementing a pipeline in place.  The MDC expressly uses the word "construction" when identifying the tasks and equipment need for the construction project:

> CNX "will…furnish…all casing and associated equipment, including cement, shoes, floats, guides, scratchers, centralizers and welding[]s, and all tubing **and completion equipment required for the <u>design and construction of any well</u>** to be drilled hereunder."

(Document 1-1, Pages 25-26, MDC § 6.2) (emphasis added).  The statutory definition of "improvement" expressly includes "a well drilled or constructed for the production of oil or gas." O.R.C. §1311.01(J).  Courts have applied O.R.C. § 4113.62(D) in the gas pipeline construction context.  *See KO Pipeline, LLC v. Moorhead Bros.*, 2018 U.S. Dist. LEXIS 78769, *1-2 (S.D. Ohio, March 10, 2018); *see Michels Corp. v. Rockies Express Pipeline LLC*, 2015-Ohio-2218, ¶ 44 (7th Dist.).

Because CNX's claims are based upon a construction contract for improvement to real estate in Ohio, CNX should have filed suit in Monroe County, Ohio in compliance with O.R.C. §

4113.62(D)(2). This would have required filing a third-party complaint in the Miller Lawsuit, which was already pending when CNX initiated this suit. Instead, CNX sidestepped O.R.C. § 4113.62 and venue in Monroe County, Ohio by filing in Pennsylvania state court.

On October 17, 2019, Patterson filed a Motion to Intervene in the Miller Lawsuit seeking a declaration that Patterson does not owe CNX a duty to defend or indemnify CNX for damages alleged by the Miller Plaintiffs (attached as Exhibit 1). Discovery relevant to this dispute between CNX and Patterson will take place in the Miller Lawsuit. Facts and findings in the Miller Lawsuit, as argued in Patterson's Motion to Intervene, will likely impact the alleged contractual duties in this lawsuit.

### 3. O.R.C. § 4113.62 Applies Even Under Pennsylvania's Choice of Law Principles.

The MDC's choice-of-law provision applying Pennsylvania law is void when applied to CNX's claims against Patterson. Under Pennsylvania choice of law analysis, "[t]he state which has the most interest in settling the dispute and which is the most concerned with its outcome is the state whose law should be applied." *Celebre v. Windsor-Mount Joy Mutual Ins. Co*., 1994 U.S. Dist. LEXIS 409, at *1 (E.D. Pa. 1994). The relevant inquiry is "the extent to which one state rather than another has demonstrated, by reason of its policies and their connection and relevance to the matter in dispute, a priority of interest in the application of its rule of law." *Bearden v. Wyeth*, 482 F. Supp. 2d, 614, 619 (E.D. Pa. May 5, 2006) (citing *Trozel v. A.I. duPont Institute*, 636 A.2d 1179, 1181 (Pa. Super. Ct. 1994)). The assessment is a combination of the "government interest" analysis and the "significant relationship" approach. *Id*. Relevant considerations include: (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified

expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied.  *Id.* (citing Restatement (Second) of Conflict of Laws § 145(2)).

The contacts to be taken into account include: (a) place of injury, (b) place of conduct, (c) domicile of the parties, and (d) the place where the relationship between the parties is centered." *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 15 (1964); *Nationwide Mut. Ins. Co. v. Walter*, 290 Pa. Super. 129, 136-137 (1980) (applying *Griffith* to contract claims).

Here, there is no question that Ohio—specifically Monroe County—has a substantially greater interest in resolving the issues related to the MDC.  On March 19, 1997, Ohio's 122nd General Assembly introduced OH S.B. 71 enacting O.R.C. § 4113.62, which was signed into law on July 1, 1998.  The statute's purpose is clear, and Ohio's intention is undeniable: "to ensure that construction projects taking place on Ohio soil are governed by Ohio law and as applied by Ohio courts."  *Michels Corp. v. Rockies Express Pipeline LLC*, 2015-Ohio-2218, ¶ 44 (7th Dist.). Ohio joined several other states enacting similar laws to prevent companies from using choice-of-law and forum selection provisions in an effort to avoid the application of the state law where the incident occurred.  Conversely, Pennsylvania has no codified interest in CNX resolving this dispute in Pennsylvania.  The well construction took place in Ohio.  Zachary Miller was injured in Ohio.  The Miller Lawsuit is pending in Ohio.  Ohio's statutorily and judicially enshrined governmental interest overrides any marginal or incidental interest Pennsylvania may have in the resolution of CNX's claims against Patterson.  Because the governmental interest factors and the contacts factors weigh heavily in favor of the application of Ohio law, Ohio law should apply. Accordingly, this case should be dismissed pursuant to O.R.C. § 4113.62(D)(2).

IV.     **CONCLUSION**

Based upon the reasons, arguments, and legal authority stated above, Patterson-UTI Drilling Company LLC asks this Court to dismiss CNX's Complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, with prejudice.

DATED: October 24, 2019                 Respectfully Submitted,

By: *Daniel A. Leister* _____
   Daniel A. Leister
   (Pa. Bar No. 315495)
   (Oh. Bar No. 0089612)
   LEWIS BRISBOIS BISGAARD & SMITH LLP
   1375 E. 9th Street, Suite 2250
   Cleveland, Ohio 44114
   Tel. 216.344.9422
   Fax 216.344.9421
   Dan.Leister@lewisbrisbois.com

   *Attorney for Patterson-UTI Drilling Company LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of this Motion to Dismiss was served upon following

counsel on October 24th, 2019 via email and the Court's ECF system.

P. Gavin Eastgate, Esq.
John G. Ebken, Esq.
Gordon Rees Scully Mansukhani LLP
707 Grant Street, Suite 3800
Pittsburgh, PA  15219

*Counsel for CNX Gas Company LLC*

By: *Daniel A. Leister*
      Daniel A. Leister
      (Pa. Bar No. 315495)
      (Oh. Bar No. 0089612)
      LEWIS BRISBOIS BISGAARD & SMITH LLP
      1375 E. 9th Street, Suite 2250
      Cleveland, Ohio 44114
      Dan.Leister@lewisbrisbois.com

      *Attorney for Patterson-UTI Drilling Company*
      *LLC*